# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2973

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Mary Marcella Roberts, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted:  March 16, 2012
Filed:  March 20, 2012

———————

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

Mary Roberts pleaded guilty to conspiring to possess with intent to distribute, and conspiring to distribute, in excess of 500 grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 846.  In a written plea agreement, Roberts waived her right to appeal the district court's judgment except for any sentence imposed above the court-determined Sentencing Guidelines range.  She also waived her right to challenge the judgment in a post-conviction proceeding except for claims of ineffective assistance of counsel.  At the change-of-plea hearing, the district court[1]

———————

[1]The Honorable Ralph R. Erickson, Chief Judge of the United States District Court for the District of North Dakota.

questioned Roberts about her mental and physical well-being and about the medications that she was taking. She assured the court that she was willing and able to move forward, and also that she understood and voluntarily entered into the plea agreement and its appeal waiver. The court found that Roberts understood the proceedings and could assist in her defense, and later sentenced her to 228 months in prison and 10 years of supervised release. This appeal followed, in which appointed counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), indicating in her brief that Roberts wishes to raise a challenge that her sentence is greater than necessary. In a pro se supplemental brief and other filings, Roberts argues that she pleaded guilty because her counsel led her to believe she would get a lower sentence than she did, she received ineffective assistance of counsel in other ways, and she was upset during the court proceedings.

We will enforce the appeal waiver. The plea hearing transcript shows that Roberts entered into the plea agreement and its appeal waiver knowingly and voluntarily; and the appeal waiver applies, because Roberts was not sentenced above the Guidelines range. Further, the arguments raised in the Anders brief and in the pro se supplemental brief fall within the scope of the waiver, and no miscarriage of justice will result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).[2]

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues outside the scope of the waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss this appeal.

———————————————

[2]The appeal waiver allows Roberts, if she wishes, to raise ineffective-assistance claims in post-judgment proceedings.